BENJAMIN NICOLL ET AL. v. THE NEW YORK AND NEW JERSEY TELEPHONE COMPANY.

Argued February 1, 1898—Decided June 13, 1898.

The grant to a telephone company, under the act of June 20th, 1890 (*Gen. Stat.*, p. 3460), to place its poles in the highway does not constitute the taking of land within the meaning of the act of 1893 (*Gen. Stat.*, p. 1386), and proceedings for condemnation, under the act of 1890, are unaffected by the act of 1893.

On *certiorari.*

Before Justices DEPUE, VAN SYCKEL and GARRISON.

For the plaintiffs, *Stephen H. Little.*

For the defendant, *John B. Vreeland* and *George T. Werts.*

The opinion of the court was delivered by

VAN SYCKEL, J.   By an order of the Circuit Court of the county of Morris, dated February 27th, 1897, made upon application of said telephone company, under the statute approved June 20th, 1890 (*Gen. Stat.*, p. 3460), commissioners were appointed to assess and appraise the damages which the prosecutors might sustain by reason of the erection and maintenance of the telephone line of said company in and along the public highway, bounding lands of the prosecutors on Sussex avenue, in Morristown.

After the report of the commissioners was made, the telephone company appealed therefrom, and the Morris Circuit Court ordered a trial of said appeal by jury, pursuant to said act of 1890.

The prosecutors insist that the appeal is to be regulated by the act of 1893 (*Gen. Stat.*, p. 1386) and not by the act of 1890; that consequently the order of the Circuit Court directing a trial by jury is illegal and void, because the telephone

company failed to give notice of such appeal to the prosecutors within ten days after filing of the petition of appeal as required by the act of 1893.

The act of 1890 is entitled "An act to amend an act entitled 'A supplement to an act entitled "An act to incorporate and regulate telegraph companies,"'" extending its provisions to telephone companies.

The act of 1893 is entitled "An act concerning the taking of property for public use," and provides in its fourth section " that the practice prescribed by this act shall supersede the existing practice in all condemnation cases before commissioners or on appeal."

The act of 1890 applies expressly to telephone companies, and provides that the company may insert in its petition for condemnation the names of any number of owners or any numbers of descriptions of premises and have one set of commissioners to appraise for all.

Under the act of 1893 only the owner or owners of a single tract can be included in one application for condemnation.

The telephone company acquires the right only to use the public street, which is not a taking of land in the legal and constitutional sense. As that term is used in the act of 1893 it means a taking whereby the property is transferred into the actual and exclusive possession of the condemning party, and the former owner is excluded. The title for all practical purposes is thereby changed.

The mere granting of a privilege to use the street is attended by no such result and does not operate to divest the title.

In the granted use of the street the telephone company, under the act of 1890, is subject to be regulated and controlled by the municipal corporation. *Traction Co.* v. *Elizabeth*, 29 *Vroom* 619.

In the taking of property whereby the exclusive possession is transferred, no such right of municipal control attaches.

In *Pierce* v. *Drew*, 136 *Mass.* 75, the court held that the grant to a telegraph company to use the streets for its poles

did not constitute a taking of private property; that it was a mere permission to use the highway, a temporary privilege which would be annulled by a vacation of the highway. "The taking of property for public use" means, in the act of 1893, the taking in the larger and more comprehensive sense, whereby the owner is deprived of the beneficial ownership and possession of his land, and such possession passes by the condemnation proceedings to the condemning party. Under the act of 1890 there is no such taking, and therefore the proceedings for appeal in this case are unaffected by the legislation of 1893. They must be continued and prosecuted under the act of 1890.

The writ of *certiorari* should therefore be dismissed, with costs.